### Michael M. Barry *vs.* John O'Brien.

When the verdict in replevin is for the defendant upon an issue of the right of possession, the burden of proof is on the plaintiff to show that a return should not be ordered.

At the trial of an action of replevin the plaintiff contended that he owned the goods replevied, had allowed the defendant to keep them until demanded, and had demanded them. The defendant contended that he himself was the owner. The jury found for the defendant on the ground that the plaintiff had made no demand, but did not pass upon the question of title. *Held*, that the defendant was entitled to a return.

REPLEVIN of household furniture. The answer denied that the property in the furniture was in the plaintiff, and that he had any right of possession at the date of his writ; and alleged that the furniture was then rightfully in the possession of the defendant.

At the trial in the superior court, before *Putnam*, J., both parties claimed title to the furniture. The plaintiff contended that he owned it and " let it to the defendant, at a monthly rent to continue until he demanded it back." The defendant contended that he himself was the owner of it.

The judge instructed the jury, that, " to entitle the plaintiff to recover, he must satisfy them that he was the owner of the furniture and was entitled to the possession of it before action brought, by having demanded it back from the defendant, he having admitted (assuming him to have been the owner) that he let it to the defendant to retain it till he demanded it back; and that, if they were not satisfied of both of these propositions heir verdict must be for the defendant." No exception was taken to these instructions.

The jury returned a verdict for the defendant, and, having been asked by the judge, at the request of the plaintiff, on what

ground they found for the defendant, answered that " they found for him on the ground that no demand had ever been made upon him for the furniture, and that they did not determine the question of ownership as between the parties."

The judge ordered a return of the furniture, to which order the plaintiff excepted.

*N. C. Berry*, for the plaintiff.

*W. W. Warren*, for the defendant.

COLT, J.   In order to maintain his action, the plaintiff in replevin, where the issue raises the question of title, must show both property in the goods taken, and the right of immediate and exclusive possession.   If he fails to establish his right of possession, he fails to establish his title as against the defendant, as much as if he failed to prove his general or special ownership; and from the nature of the case, the verdict in his favor must leave the ownership unsettled.   A return of the property as a general rule follows of course.   If the defendant be not the true owner, he may still be accountable over for it to such owner. And the burden is on the plaintiff to show sufficient reason for refusing the order for a return.   This he may do by showing that the title of the defendant, or his right of possession, has terminated since the commencement of the suit, or that the property has in fact gone to the possession of the true owner. *Dawson* v. *Wetherbee*, 2 Allen, 461.   *Johnson* v. *Neale*, 6 Allen, 227.   *Collins* v. *Evans*, 15 Pick. 63.

The pleadings in this case put in issue the plaintiff's title and right of possession.   The trial was had upon that issue.   The judge instructed the jury, in substance, that the plaintiff must satisfy them, both that he was the owner, and that he was entitled to the possession of the goods before action brought, and the finding of the jury was for the defendant on the last proposition, leaving the question of ownership, as to which there was conflicting evidence, unsettled by the verdict.   In this there was no irregularity, because the question of ownership was immaterial, so long as the jury was satisfied that the plaintiff was not entitled to the possession as against the defendant.

Upon the case presented, the plaintiff, in opposing an order for a return, fails to bring himself within any of the exceptions to the general rule, which requires a return when the verdict is for the defendant upon the issue of property and right of possession. *Simpson* v. *McFarland,* 18 Pick. 427.

*Exceptions overruled.*