WILLIAM G. LEONARD *vs.* NANCY G. WHITNEY & others.

One against whom judgment has been rendered on a replevin bond may avail himself of any fact which the defendant in replevin is not estopped by the judgment therein to set up, in order to limit the sum for which execution shall equitably issue.

If goods owned in common, and replevied from one of the owners by the others, are not restored by them upon a judgment for a return, that judgment does not estop them to prove the common ownership of the goods, upon the question for what sum he shall take execution on a judgment in his favor on the replevin bond.

CONTRACT, against Nancy G. Whitney as principal, and Joel Allen and three other men as sureties, on a replevin bond.

On October 28, 1867, Whitney and twenty-eight other women replevied a quantity of household furniture from this plaintiff, and on the same day they as principals, with these male defendants as sureties, executed to him the bond in suit. The action of replevin was referred by a rule of the superior court to an arbitrator, who on December 21, 1868, returned into court this award : " The undersigned, referee appointed by the above rule, having on the 18th day of December 1868 met the several parties to this action, and having heard their several allegations, proofs and arguments, makes the following award : That the plaintiffs have failed to maintain their action ; that the defendant is entitled to a return of the goods and chattels replevied ; that he recover of the plaintiffs the sum of eight dollars and twenty-six cents as damages for the taking by the replevin, and his costs and that the costs of this reference be paid by the plaintiffs."

On December 22, 1868, the twenty-nine plaintiffs in replevin moved the court " that so much of the referee's determination as relates to a return of the goods may be stricken out, as the same was not by the rule referred to said referee for his determination, nor were the facts in relation to said return heard by said referee in any manner ; and also said plaintiffs aver that the defendant is not now entitled to the return of said goods or any part thereof, and they move that they may be heard in the matter of said return, and that the same may be determined by this court." This motion was overruled, and judgment was entered against the twenty-nine for a return of the furniture, and also for $8.26 dam-

ages and $110.42 costs. Execution, issued upon this judgment on January 15, 1869, was on March 22 returned satisfied only as to the costs; and the officer certified in his return that he on January 18 demanded of twenty-six of the plaintiffs, including Nancy G. Whitney, (being all of them whom he could find within his precinct,) a return of the furniture, with which demand they had neglected to comply.

On May 3, 1869, the present action was brought on the replevin bond. At the trial in the superior court, before *Putnam,* J., the foregoing facts appeared, and the parties agreed that there was a breach of the bond, in the neglect and refusal to return the furniture, and that judgment should be entered for the plaintiff for its full penal sum. But upon the question for what sum execution should issue to the plaintiff, the defendants, against his objection, offered to show " that the referee decided the case for him on the ground that he was joint owner with them and others ; " and, subject to the objection as to their competency, it was agreed that the facts were as follows :

" A number of persons in Natick associated themselves under the name of the Ladies' Benevolent Society. They each subscribed twenty-five cents yearly, and accumulated a fund from the subscriptions and from fines, with a portion of which they purchased the furniture in question. The plaintiff, who was a clergyman in the parish, became a member of the society, and subscribed and paid the subscription fee and other sums as called for, like the others. While he was thus a member, the society voted to place the furniture in the parsonage, ' for the use of the parsonage,' which was accordingly done. While it was thus situated, the action of replevin was brought by the other members of the association, to replevy the furniture from the hands of the plaintiff, who then occupied the parsonage."

The defendants contended " that, on these facts, the plaintiff, if owner of the furniture at all, was so only to the extent of his subscription, to wit, the sum of twenty-five cents," and that the judge could order execution to issue for that sum only, with the costs But the judge ruled " that the defendants could not be allowed to show the facts thus agreed ; " ordered execution to

issue for the whole value of the property, $139.15, with costs; and by agreement of parties reported the case for the determination of this court; "if this ruling is correct, the order to stand and execution to issue accordingly; but if this evidence can be admitted, and on these facts the court find that the plaintiff is only owner of the property to the extent of twenty-five cents, and that execution should only issue for that sum, then the order to be vacated, and execution to issue for the sum of twenty-five cents and costs."

*W. B. Gale & G. L. Sleeper*, for the defendants.

*W. S. Gardner*, for the plaintiff.

COLT, J. The defendants' refusal to return the replevied property, in compliance with the order of the court in the original action, was a breach of the condition of the bond, and judgment must now be for the penalty, although execution can be awarded only for such sum, to be ascertained by the court, as is due in equity and good conscience. Gen. Sts. *c.* 133, § 10. It is upon the plaintiff to show how much of the penal sum is thus due and payable. *Austin* v. *Moore*, 7 Met. 116, 124. This is ordinarily done by proving the actual value of the property replevied. The bond stands in the place of the property. *Stevens* v. *Tuite*, 104 Mass. 328, 334. And if the plaintiff is sole owner, or is responsible to a third person, he is entitled to its full value.

For the purpose of reducing their liability, the defendants offered certain facts in evidence, which were excluded by the court, and execution was ordered for the whole value of the property. The plaintiff insists that this ruling was right, because the judgment in the replevin suit is conclusive between the parties on the question of title. When title to the property in dispute has been put in issue and made the subject of judicial inquiry, the judgment rendered thereon against the plaintiff in replevin is indeed final and conclusive in all subsequent litigation. It cannot be opened in an action on the bond, at the hearing in chancery to ascertain for what sum execution shall issue. It is too late, in order to prevent the entry of judgment for a return, or to defeat a recovery on the bond, to allege and prove facts affecting the title, which were material to the issue and known at the time.

An order for a return, as a general rule, follows of course ; be-
cause, if the defendant in replevin is not the true owner, he is
still accountable to such owner.   The court will always, however,
receive evidence of a change in the legal interest of the party,'
since the commencement of the action of replevin, which makes
it improper to order a return, or to allow full damages when it
has been ordered, for a refusal to comply.   Thus, failure of title
or right of possession since the commencement of the suit, or the
fact that the property has gone to the possession of the true owner,
may be set up as reasons for refusing to order a return.   So it
may be proved, in mitigation of damages, in an action on the bond,
that the original action was defeated solely because it was prema-
turely brought, or, in other words, because the property had gone
to the true owner.   *Davis* v. *Harding*, 3 Allen, 302.   *Barry* v.
*O'Brien*, 103 Mass. 520. · And in *Bartlett* v. *Kidder*, 14 Gray,
449, which was an action on the bond, after the plaintiff in re-
plevin had become nonsuit, and a return had been ordered, it was
allowed to be shown by the defendants, in reduction of damages,
that the property was held in common by them and the debtor,
whose goods the defendant in replevin, as sheriff, had attached ;
and the damages were reduced to the value of the interest of the
debtor, which was all that the sheriff could rightfully appropriate
to the use of the attaching creditor.   So where the defendant in
replevin has only a special property as against the plaintiff, the
fact may be insisted on in reduction of damages ; for, if the value
of the property exceeds his claim, he will be liable to the plain-
tiff for the excess.   *Schrugham* v. *Carter*, 12 Wend. 131.   Sedg-
wick on Damages (5th ed.) 500, 501.   It would seem that any
fact, which the defendant is not estopped by the judgment to set
up, may in any case be availed of to limit the amount for which
execution should equitably issue against him.

The plaintiff insists that the original judgment and order for
return in this case is conclusive in his favor, on the question of
his sole ownership of the property ; and that the facts now relied
on in reduction of damages cannot be proved against him.   This
depends on how far in that action the question of title was in-
volved.   A judgment is conclusive by way of estoppel only as to

Leonard *v.* Whitney.

facts without the existence and proof or admission of which it could not have been rendered. And in this case, proof of the present plaintiff's sole ownership was not necessary to defeat the original action against him. It is always a good defence in an action of replevin, that the defendant is tenant in common of the property with the plaintiff, and therefore has a right equally with him to the possession of the whole. Upon a judgment in his favor, as there can be no division of the common property, he is entitled to a return of the whole. The judgment for a return, as we have seen, is not conclusive as to the liability on the bond for the full value of the goods replevied, and does not determine the amount of the plaintiff's interest in them. But in an action on the bond, the rights of the parties are capable of adjustment, and the amount to be recovered must be limited in equity and good conscience to the value of the plaintiff's interest. The judgment is only conclusive on the question of the joint ownership, and unless the defendants are permitted, in this action on the bond, to avail themselves of their interest, we might fall into the inconsistency of requiring the payment of money by those to whom, as owners, it must at once be restored.

It is evident, from these considerations, that the facts offered should have been admitted in evidence, so far as they have a tendency to prove that the plaintiff was a member of an unincorporated society, and as such was only interested as owner of the property to the extent of his subscription to the fund, while the other members, who are these defendants, owned the remaining interest jointly with him. There are, however, other agreed facts in the case, which have a tendency to prove that the defendants parted with their right to the property, or to its immediate possession and control, by gift to the plaintiff, or to the religious society of which they were members, for the use of the parsonage, so that the plaintiff, if not sole owner or having a right to the exclusive use of the property, may still be responsible over to others. The question, whether, on all the evidence, including that excluded at the hearing, the plaintiff was the lawful possessor of the whole property, is a question of fact, which must be decided in the court below. *Case to stand for hearing.*