SAMUEL H. CAPEN *vs.* CHARLES W. BARTLETT.

Norfolk.   January 13, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Action on Replevin Bond — Evidence.*

Goods were replevied without right from an attaching officer, and judgment was
  rendered against the defendant in the original action.   In an action against a
  surety on the replevin bond, on the question of the amount for which execution
  should issue, the defendant offered to prove that the goods were necessary
  household furniture of the judgment debtor, and exempt from being taken on
  execution.   *Held,* that the evidence was properly excluded.

CONTRACT against a surety on a replevin bond.   Trial in the
Superior Court, before *Hammond,* J., who allowed a bill of ex-
ceptions, the substance of which appears in the opinion.

*W. E. Jewell,* for the defendant.

*T. E. Grover,* for the plaintiff.

FIELD, C. J.   The plaintiff, as deputy sheriff, attached " the
goods in question upon a writ in favor of M. E. Brown and Com-
pany, and against George Wilson."   One Jennie Smith "replev-
ied the goods from the officer, and gave the bond in" the present
suit.   Judgment for the plaintiff was rendered in the suit of
Brown and Company against Wilson, and Jennie Smith in the
action of replevin became nonsuit.   The defendant in the present
action is a surety on the replevin bond given by Jennie Smith.
The value of the goods replevied was agreed to be $300.   It is
assumed that in the replevin suit there had been judgment for
the return of the goods before the present suit was brought.
Pub. Sts. c. 184, § 13.   " Breach of the bond was admitted," and
the hearing was had for the purpose of determining the amount
for which execution should issue.   Pub. Sts. c. 171, §§ 9, 10.

The defendant offered to prove that the goods replevied were
" all household furniture necessary for said Wilson and his fam-
ily, and actually in use as household furniture, and so were ex-
empt " from being taken on execution.   Pub. Sts. c. 171, § 34,
cls. 1, 2.   The court excluded proof of these facts, and the de-
fendant excepted.   The attaching officer was responsible for the

value of the goods attached, either to Brown and Company or to Wilson, and, as they were replevied from him without right, the goods or their value must be restored to him. The ruling was right. *Wright* v. *Quirk,* 105 Mass. 44. *Leonard* v. *Whitney,* 109 Mass. 265.                    *Exceptions overruled.*