ALBERT S. WALKER vs. ALBERT W. COOKE & another.

Suffolk.    March 15, 1895. — April 3, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Action on Replevin Bond — Jurisdiction.*

The Municipal Court of the City of Boston has jurisdiction of an action on a replevin bond, if the sum demanded is within the jurisdiction of that court, even though the action of replevin was brought in the Superior Court.

CONTRACT, against Albert .W. Cooke and Joseph Lewis, as sureties on a replevin bond.

The action of replevin was brought in the Superior Court, and the action on the replevin bond in the Municipal Court of the City of Boston. The defendants set up in their answer, " that no notice of the judgment or order of court, set forth in the plaintiff's declaration, was given to said defendants before the bringing of the action, nor any demand made upon them to satisfy the same." They also answered in abatement, that, if they were indebted to the plaintiff on the bond, they were indebted to him jointly with the principal, Benjamin H. Benton, who was alive and ought to be sued with them in the writ. This answer in abatement was overruled.

In the Superior Court the defendants moved that the action be dismissed, for the reason that the court had no jurisdiction of the subject matter. It was also agreed that, if judgment should be entered for the plaintiff, it might be entered for the penal sum of the bond, three hundred dollars, and that execution might issue for the sum of one hundred and fifty-two dollars and seventy-eight cents and the costs of suit; and, further, that the court might find for the plaintiff, if it found that it had jurisdiction. This agreement also recited that " the defendants wish to be heard only on the question of jurisdiction."

The Superior Court overruled the motion to dismiss, and ordered judgment for the plaintiff for the penal sum of the bond, and assessed damages in the sum of one hundred and fifty-two dollars and seventy-eight cents ; and the defendants appealed to this court.

*E. F. Collins*, for the defendants.

*G. A. Brown*, for the plaintiff.

ALLEN, J. One condition in the replevin bond was to return the goods replevied in case such should be the final judgment. Such was the final judgment, and, upon the failure of the plaintiff in replevin to return the property, the bond was broken, and an action might immediately be brought upon it, without previous demand or suing out a writ of return. *Wright* v. *Quirk*, 105 Mass. 44. *Leonard* v. *Whitney*, 109 Mass. 265. The action of replevin was in the Superior Court; and the action on the replevin bond was brought in the Municipal Court. The only ground of defence which is urged to the action on the bond is that it ought to have been brought in the Superior Court, and that the Municipal Court had no jurisdiction. But we know of no rule of law or good reason requiring the action on the bond to be in the same court where the action of replevin was brought; and we find nothing in the argument for the defendants leading to that result. The sum demanded was within the jurisdiction of the Municipal Court; and the action might properly be brought there. That court, by express statute, has jurisdiction "of all civil actions and proceedings," wherein the sum demanded exceeds one hundred dollars, and does not exceed one thousand dollars, except where the title to real estate is put in issue. Pub. Sts. c. 154, § 59. *Judgment affirmed.*