WILLIAM EASTER *vs.* EDWARD A. FOSTER & others.

Suffolk.    January 11, 1899. — March 2, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Action on Replevin Bond — Evidence — Estoppel.*

Where A., having replevied personal property from B., and having given with sure-
ties a replevin bond in the usual form, fails to enter his writ, and B. brings an
action on the bond against the principal and the sureties to recover for the
breach of it, the defendants are not estopped to show, in the hearing on the
amount for which execution should issue, that B. had no title to the property.

CONTRACT, against the principal and sureties upon a replevin
bond.    The jury, acting under the instructions of *Bond,* J., re-
turned a verdict for the plaintiff in the penal sum of the bond
and interest, and that there was due the plaintiff for the breach
of the condition of the bond the sum of one dollar.    The plain-
tiff alleged exceptions, which appear in the opinion.

*A. S. Apsey,* for the plaintiff.

*M. F. Farrell,* for the defendants.

KNOWLTON, J.    The defendant Foster replevied a horse from
the plaintiff, and he, with the other defendants as sureties, gave
a replevin bond in the usual form.    He failed to enter his writ,
and the plaintiff brings this action on the bond to recover for
the breach of it.    The jury were instructed that the plaintiff
was entitled to judgment for the penal sum of the bond, and
were directed to determine how much was payable in equity
and good conscience for this breach of the condition, in order
that the court might award to the plaintiff a proper execution.
Pub. Sts. c. 171, § 10.    Upon this part of the case the defend-
ants were allowed to introduce evidence that the plaintiff never
had any title to the horse, and that it belonged to the defendant
Foster.    The plaintiff's exception to the admission of this evi-
dence raises the only question before us.

On a hearing to determine for how much execution shall
issue for a breach of the condition of a replevin bond, it is es-
tablished that any pertinent facts may be shown in diminution
of the claim, unless the defendants are estopped to prove them

by an adjudication in the previous suit. If the title to the horse had been put in issue, and determined in favor of the defendant in the replevin suit, the judgment would have been conclusive against the defendants in the suit upon the bond. But if a return had been ordered on a nonsuit of the plaintiff, the question of title would have been left open, as it is left open in the present suit, which is founded, not upon a failure to comply with an order for a return of the property, but upon a failure to enter the replevin writ.

The rules applicable to such cases were long ago stated by this court, and it is unnecessary to consider them further. *Leonard* v. *Whitney*, 109 Mass. 265. *Davis* v. *Harding*, 3 Allen, 302. *Bartlett* v. *Kidder*, 14 Gray, 449.

*Exceptions overruled.*