COHEN AND HAMMOND, INC. *vs.* A. H. B. ARNOLD & another.

Hampden.    October 16, 1924. — November 24, 1924.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Replevin. Bond. Evidence,* Competency, Of ownership of replevied article in action on bond. *Res judicata.*

Where, at the trial of an action of replevin of an automobile, the question of title was raised, both parties introduced evidence on that issue, and there was a finding and judgment for the defendant, that question is finally adjudicated, and it is proper in an action upon the replevin bond to refuse to permit the defendant, who was the plaintiff in the action of replevin, to introduce evidence tending to show that the automobile replevied was not, at the time of the service of the writ of replevin, the property of the plaintiff in the action on the bond but was the property of another.

CONTRACT upon a replevin bond. Writ dated December 16, 1921.

In the Superior Court, the action was heard by *Brown,* J., without a jury. It was admitted that the original action of replevin was tried upon its merits and that at that trial "the

question of title was raised, and on which question of titles both parties introduced evidence, but that the evidence which the defendants in this action desire to introduce, as hereinafter referred to, was not introduced, and that the court found for the defendant therein."

At the trial upon the bond, the defendants offered to prove, as alleged in their answer, "that the automobile replevied was not, at the time of the service of the writ of replevin, the property of the present plaintiff, but was the property of another, and was taken on May 26, 1921, from a person who had acquired supposed title to it from the defendant, Arnold, prior thereto."

It was agreed by the parties that the plaintiff's damages, if any, were $700. The trial judge, by agreement of the parties, reported the action to this court for determination upon the stipulation that, if he properly refused to admit the evidence relating to the title of the defendants, judgment was to be entered and execution to issue for $700; and if such ruling was error, the action was to be further tried in the Superior Court on the sole question as to the title of the automobile on the date on which it was taken in replevin, as raised by the pleadings in this action.

The case was submitted on briefs.

*C. S. Ballard & C. J. Weston,* for the plaintiff.

*D. H. Fulton,* for the defendants.

CARROLL, J. This is an action on a replevin bond. The case is before us on a report, which states that due execution of the bond and proper demand for the return of the replevied property were admitted. At the trial of this action to recover on the bond, the defendants offered to show that the automobile replevied, when the writ of replevin was served, was not " the property of the present plaintiff, but was the property of another, and was taken on May 26, 1921, from a person who had acquired supposed title to it from the defendant, Arnold, prior thereto." The exclusion of this evidence presents the question to be decided.

If the right of possession of the defendant in the original action were the only question there involved, and the title of the defendant was not put in issue, the present defendants

in the suit on the bond would not be barred from showing that the plaintiff was not the true owner of the automobile. *Davis* v. *Harding*, 3 Allen, 302. *Barry* v. *O'Brien*, 103 Mass. 520. *Leonard* v. *Whitney*, 109 Mass. 265, 269. *Easter* v. *Foster*, 173 Mass. 39. But it was agreed that the original action "was tried . . . upon its merits"; that the question of title was raised and both parties introduced evidence bearing thereon, although the particular evidence was offered for the first time at the trial on the bond. The title to the automobile having been put in issue and determined in favor of the defendant in the replevin action, the judgment is conclusive against the defendants in the action on the bond. See *Leonard* v. *Whitney, supra; Easter* v. *Foster, supra; Smith* v. *Mosby*, 98 Ind. 445. "When title to the property in dispute has been put in issue and made the subject of judicial inquiry, the judgment rendered thereon against the plaintiff in replevin is indeed final and conclusive in all subsequent litigation. It cannot be opened in an action on the bond, at the hearing in chancery to ascertain for what sum execution shall issue. It is too late, in order to prevent the entry of judgment for a return, or to defeat a recovery on the bond, to allege and prove facts affecting the title." *Leonard* v. *Whitney, supra.* As we construe the report, the title of the plaintiff in this action was determined in the original action when that case was tried. In our opinion the defendants are bound by the former judgment.

It was also agreed that the plaintiff's damages, if any, were $700. We need not therefore consider whether the evidence offered was material on the question of damages. See *Leonard* v. *Whitney, supra.* Judgment is to be entered for the plaintiff in the sum of $700.

*So ordered.*