EDWARD J. SULLIVAN *vs.* ROSE MARTINELLI & others.

Hampden.　October 13, 1927. — November 22, 1927.

Present: BRALEY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Replevin,* Bond. *Judgment. Contract,* Construction. *Damages,* For breach of contract: replevin bond. *Evidence,* Presumptions and burden of proof.

The condition of a replevin bond, that if the plaintiff in replevin "shall prosecute his Replevin to final judgment and shall pay such damages and costs as the defendant shall recover against said . . . [plaintiff] and

also to return and [re]store the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment — then this bond to be void — otherwise in full force," is broken if the action in replevin is dismissed for failure to prosecute.

Upon dismissal of the action of replevin in the circumstances above described, the defendant was entitled to have back the goods replevied in as good order and condition as when taken by virtue of the writ, and, in default of such return, to have their value at the time they were so taken; and in an action upon the replevin bond there is no error in an order that execution issue for a sum representing that value with interest.

In such action upon the replevin bond, the burden was upon the plaintiff to establish the value of the goods at the time of the replevin, and it was proper for the court to refer the case to an assessor for hearings and a finding upon that issue.

CONTRACT upon a replevin bond described in the opinion. Writ dated January 8, 1925.

Material facts appearing at hearings in the Superior Court without a jury are stated in the opinion. By order of *Hammond*, J., judgment was entered for the plaintiff in the penal sum of the bond, $1,600, and by order of *Broadhurst*, J., after a report by an assessor, execution issued in the sum of $700 and interest from January 26, 1924. The defendants alleged exceptions.

The case was submitted on briefs.

*W. G. Brownson*, for the defendants.

*R. W. Crowell*, for the plaintiff.

SANDERSON, J. This is an action upon a replevin bond, given to the plaintiff and signed by the defendants as principal and sureties. The defendant Rosa Martinelli, who will hereafter be referred to as the defendant, on August 8, 1921, brought an action of replevin against the plaintiff and upon the replevin writ seized an automobile. This writ was returnable to the Police Court of Springfield, now the District Court, on August 27, 1921. When the automobile was seized the defendant gave the plaintiff the bond upon which the action is based. The condition of the bond is that "if the said Rosa Martinelli shall prosecute her Replevin to final judgment and shall pay such damages and costs as the defendant [plaintiff in the present action] shall recover against said Rosa Martinelli and also to return and [re]store the same goods and chattels in like good order and condition as when taken, in case such shall be the final judg-

ment — then this bond to be void — otherwise in full force." The replevin writ was duly entered in court but the action was not brought to trial, and upon January 26, 1924, it was dismissed for failure to prosecute. Before the date of dismissal the defendant had sold the automobile.

The first question to be decided is whether the dismissal of the action for failure to prosecute constitutes a breach of the condition of the bond. It has been held that a dismissal of an action for want of prosecution is a final judgment within the terms of R. L. c. 193, § 15 (now G. L. c. 250, § 15), *Karrick* v. *Wetmore*, 210 Mass. 578, but it does not follow that it is a prosecution of the action to final judgment within the terms of the bond. The dismissal did not result from such a prosecution but from a failure to prosecute. To hold that a judgment so obtained was a compliance with the terms of the bond would defeat its main purpose, which is to provide security to the obligee if he prevails for a return of the property and to indemnify him for such damages and costs as he may be entitled to recover. *Parker* v. *Young*, 188 Mass. 600, 602.

The principle which controls in the case at bar was stated in *Carroll* v. *Berger*, 255 Mass. 132, 135: "The provision that the obligors of the bond 'shall prosecute said action of replevin to final judgment' plainly contemplates a prosecution to a final judgment on the merits so as to determine a right of possession in the plaintiffs in replevin or to direct a return and restoration to the defendants." See also *Tucker* v. *Tremont Trust Co.* 242 Mass. 25; *Pierce* v. *King*, 14 R. I. 611. The judgment entered neither determined the right of possession in the plaintiff in replevin nor resulted in an order for the return and restoration of the property to the defendant. It follows that there has been a breach of the condition of the bond and that the entry of judgment for the penal sum of the bond was right.

The amount for which execution should issue remains to be decided. The defendant had taken an automobile from the possession of the plaintiff and sold it. The replevin action was ended without any justification for the taking being shown by the plaintiff in that action. In this situation the plaintiff in the case at bar was entitled to have

execution for the amount which in equity and good conscience was due and payable to him for breach of the condition of the bond. G. L. c. 235, § 10. Upon the dismissal of the replevin action the plaintiff was entitled to have the automobile back in as good order and condition as when taken, not because there had been a judgment for a return but because the defendant had failed to establish any right to retain it, and inasmuch as the defendant has sold the automobile, the plaintiff in equity and good conscience is entitled to its value at the time it was taken from him. *Tucker* v. *Tremont Trust Co., supra.* The burden of proving the amount due was on the plaintiff. *Austin* v. *Moore,* 7 Met. 116. *Quinn* v. *Brennan,* 148 Mass. 562, 565. *Easter* v. *Foster,* 173 Mass. 39. *Cohen & Hammond, Inc.* v. *Arnold,* 250 Mass. 255. There was no error in the order of reference to determine this amount. Upon evidence not reported the finding was made that the fair value of the automobile when taken from the plaintiff was $700. The judge ordered execution to issue for this sum with interest from January 26, 1924, the date when the replevin action was dismissed. The finding as to the value of the car at the time it was seized on the replevin writ must be taken as true. There was no error in permitting recovery for this amount with interest. *Easter* v. *Foster, supra. Maguire* v. *Pan-American Amusement Co.* 205 Mass. 64, 68.

*Exceptions overruled.*