Bolster, C. J.
This is an action against the principal and surety named in a replevin bond in the penal sum of $600. The writ, on which goods of the plaintiff of an agreed value of $266.90 were taken and delivered to the principal obligor, was a superior court writ duly tested and sealed, returnable in Worcester county, but signed by the clerk *543 of that court for Suffolk county. The defendant in that case, the plaintiff here, procured an order dismissing the action, which was followed by a judgment, with costs to the defendant in the sum of $17.50. The present case was submitted on an agreed statement of facts. The judge, according to the report, “made a finding for the plaintiff and assessed damages in the sum of $266.90 We take this to mean that he ordered judgment for the penal sum of the bond, "with execution to issue in the sum of $266,90.
The constitution, part 2, c. 6, art. 5, provides that all writs issuing out of the clerk’s office in any of the courts of law shall be under the seal of the court from whence they issue, shall bear teste of the first justice not a party “and be signed by the clerk of such court”.
Gen. Laws, Ter. Ed., Ch. 223, §20, provides that writs . . “in the supreme judicial and superior courts shall be signed, and may be issued, by the clerk, may be returnable to the same court in any other county, may run, and shall be executed and obeyed throughout the Commonwealth”. The replevin writ here recites that it issued at Boston and it is returnable at Worcester. That is in conformity to the statute. In no other way can effect be given to the words “in any other county”. The argument of original invalidity rests on the idea that there is a superior court for Suffolk county and a superior court for Worcester county, whereas the truth is that there is a superior court for the Commonwealth. Specific authority for action in one county, effective in another, is given for analogous purposes by Gen. Laws (Ter. E'd.), Chap. 213-, §;§2 and 5. We do not think the fact that this replevin writ is captioned “Worcester” controls the recital in the body of the writ that it issued at Boston, to be returned at Worcester. The words “Worcester, ss” merely indicate the place of venue, and conform to the body of the writ as to the place of return. *544 The writ was properly attested by the clerk in office at the point of issue. The constitutional provision, applicable to all courts, of both complete and limited territorial scope, does not require attestation by any particular clerk in a court having several clerks. The provision is merely a requirement of authentication.
It is to be observed that the language of Ch. 223, §20, is general, and is not limited to any particular class of writs. Section 4 of that chapter provides that an action of replevin shall be “brought” in the county where the goods are detained. It does not require that the writ issue in that county. If returnable there, and so triable there, all the essential rights of parties are preserved. Earlier statutes required that a 'writ of replevin should be “sued out of, and returnable to,’’’ the county of detention. Even under that wording a replevin writ issued in Suffolk, returnable in Norfolk, was held a good writ. Judson v. Adams, 8 Cush. 556.
The defendant, however, argues that as a judge of the superior court dismissed the action, by allowance of a motion directly posited on invalidity of process, and as the trial judge here expressly ruled that the replevin writ was void, we cannot now say that it was valid. That device for the enthronement and perpetuation of error known as ‘ ‘ the law of the case” has lost some of its pristine vigor, cf. 9 Boston Univ. Law Rev., p. 225. Parties may be bound by an erroneous ruling not appealed, but to go further and say that a court of review must of necessity follow such an interlocutory ruling into all its ramifications leads to the worst kind of injustice. The present case, submitted on agreed facts, is a fair example. We do not think that we are bound to assume that the writ was wholly void because the trial judge so ruled, nor because the parties have joined in arguing the case on that theory. The more serious ques *545 tian is as to the effect which is required to be given to the superior court judgment dismissing the replevin action, if lack of jurisdiction is the necessary import of the dismissal order. That question concerns, not the rules of stare decisis, or of the “law of the case”, but of estoppel by judgment. Little effect need be given to the fact that this plaintiff brought about that result, because if the writ was. really void on its face it was the duty of the court to take notice of that fact. Plainly, if the situation were reversed and the superior court had erroneously held a void writ good, instead of holding a good writ void, its decision would have been of no effect, as jurisdiction continued to be involved, cf. Loring v. Folger, 7 Grray 505. Dallinger v. Richardson, 176 Mass. 77. But here a court of general jurisdiction, inherently bound to take notice at all times of the things which it could or could not rightfully do, has apparently decided, as a basis of its final judgment, that the process before it gave it no jurisdiction. The objection was specifically directed to that point, cf. Burlen v. Shannon, 99 Mass. 200, at p. 203. It is often said in general terms, that a judgment of dismissal for want of jurisdiction is not a judgment on the merits and not a bar. "What is meant is that it is not a bar to a later suit in a court having jurisdiction. That is as obvious as the rule that a judgment sustaining a demurrer is no bar to an amended declaration. But here the holding the writ to be invalid is the very pith of the judgment, and we are constrained to say that we cannot, consistently with established principles, give rein to our own opinion that the writ was at all times good. cf. Bigelow, Estoppel, 6th ed., pp. 9, 57. Case v. Beauregard, 101 U. S. 688.
That conclusion, however, does not end this case. The fallacy of the defendant’s argument lies in the assumption that if the writ was ruled bad the bond also was void. The *546 real question is whether the principal defendant should now be heard to say that the writ which it sued out and the bond which it gave to get the property away from the defendant in that action were legal nullities. We think it estopped to take that position, Taborsak v. Mass. Bonding & Ins. Co., 289 Mass. 8. cf. Olds v. City Trust &c. Co., 185 Mass. 500, Briggs v. McDonald, 166 Mass. 38, O. Sheldon Co. v. Cooke, 177 Mass. 441, Pray v. Wasdell, 146 Mass. 324, Bean v. Parker, 17 Mass. 591, Pierce v. King, 14 R I. 611, and that if it wished to save its bond, it should have appealed from the erroneous order of dismissal and gone on to a final judgment. Apparently the law of Connecticut is otherwise. Rosen v. Fischel, 44 Conn. 371. We cannot follow that decision.
Moreover, the writ, assuming it defective, was in our opinion amendable, cf. Austin v. Lamar Fire Ins. Co., 108 Mass. 338. The court had jurisdiction of the subject matter. The defendant was within the reach of process, and was in fact served. The goods were available to the officer, and were in fact seized. The plaintiff did not seek to amend but let judgment be entered against it. To say that thereby it destroyed its own obligation on the bond is an invitation to take out defective process which should not be extended. The real scope of the judgment is only that as the record then stood there was cause for dismissal. The superior court was not asked to pass on its power to amend. There is a wide difference between irregular but amendable process, and process which is incurably bad.
Whether the writ was valid or void, the fact remains that the action was dismissed at the threshold and that it was not prosecuted to final judgment, which means a judgment on the merits determining the rights of the several parties. Carroll v. Berger, 255 Mass. 132. Sullivan v. Martinelli, 261 Mass. 261. Had that been done, an order for return of the goods carrying liability for their value upon the bond *547 in the event of non-return, might or might not have been made. Rosen v. U. S. Rubber Co., 268 Mass. 403. The dismissal of the action has deprived this plaintiff of opportunity to seek such an order. Gray v. Dean, 136 Mass. 128. cf. Walbridge v. Shaw, 7 Cush. 560. The bond having been breached, equity requires that the value of the goods lost to her by the principal defendant’s course of conduct be restored to her in money.
The parties defendant joined in answer and in the rulings requested. No argument has been made that their rights differ, but we think that the case requires us to consider whether the estoppel extends also to the surety on the bond. There is a line of cases in which a surety on an official bond may escape liability by showing that the principal’s appointment was illegal, for lack of jurisdiction in the court making the appointment. Conant v. Newton, 126 Mass. 105. cf. Am. Agric. Chem. Co. v. Aetna &c. Co., 288 Mass. 522. But here the very purpose, and the accomplished purpose, of giving this bond was to transfer possession. There is no “mutual mistake” inducing voluntary action and a restoration of the status quo is impracticable. We are of opinion that both principal and surety are es-topped to deny the validity of the writ.
Report dismissed.