ANNIE E. GIROUX *vs.* ALFRED B. WHEELER.

Suffolk.   December 11, 1894. — January 28, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Replevin — Order for a Return — Exceptions.*

In an action of replevin no exception lies to the order of the court for a return of the chattel to the defendant if the bill of exceptions fails to show that the court had no power to order the return.

REPLEVIN of a horse.  At the trial in the Superior Court, without a jury, before *Sheldon,* J., there was conflicting evidence on the issues involved.  It appeared that after the replevin of the horse by the plaintiff from the defendant, and while it was yet in the custody of the constable who served the replevin writ, the defendant said to the plaintiff, " I like that horse; what will you take for him? "  The plaintiff asked the constable, " Can I sell the horse? "  The constable answered, " Yes, it is your horse; of course you can sell him."  " Well," said the plaintiff, " I would just as soon sell him to you " (the defendant) " as anybody else; I will sell him for ninety dollars." " Very well," said the defendant, " I will give you ninety dollars, provided you take twenty dollars of it in coal, and the balance, fifty dollars, in cash on November 7, and ten dollars per month until paid for."  The plaintiff replied, " I will sell him to you on a lease or conditional sale; I shall not part with the horse until I get my money in full."  " Very well," said the defendant, " I will give you a lease; I will give you fifty dollars down and twenty dollars' worth of coal, and ten dollars per month until it amounts to ninety dollars in all."  And the defendant signed the lease, dated November 7, 1892, which recited that the defendant had hired and received of the plaintiff one bay horse, for the use of which he agreed to pay the plaintiff fifty dollars on November 7, and twenty dollars' worth of coal to be delivered at the plaintiff's house, and then ten dollars per month until the sum so paid amounted to ninety dollars, when the rent should cease and the horse was to become the property of the defendant; and until then the horse was to remain the property of the

plaintiff, who had a right to enter any premises and take the horse if the conditions of the agreement were not fulfilled, or if the horse was not properly kept.

It was admitted that the horse was not paid for in full on the day of the trial, and that there was still a balance due to the plaintiff of ten dollars. .

The judge found for the defendant, and no exceptions were taken to the finding. The defendant afterwards moved for an order for a return. The plaintiff contended that, on the above facts and evidence, the judge had not the power to order a return. The judge ruled that he had such power, and ordered a return; and the plaintiff alleged exceptions.

*P. B. Kiernan*, for the plaintiff.

*E. A. Upton*, for the defendant.

BARKER, J. The question for decision is whether, after the finding for the defendant in replevin, the Superior Court had power to order a return of the chattel. Upon the pleadings, the finding settled it as a fact in the case, that, when the horse was taken from the defendant by means of the replevin writ, he was the owner of the horse, and also that the plaintiff had then no right to its possession. If we assume in favor of the plaintiff that an order for a return will not be granted to a defendant in replevin who is at the time in the possession of the chattel, (*Ware River Railroad* v. *Vibbard*, 114 Mass. 458, 463,) the bill of exceptions does not show that the horse was in the defendant's possession when he moved for the order for a return. Nor can we apply the doctrine that a return will not be ordered when it appears that, if the chattel should be delivered by the plaintiff to the defendant upon the order for a return, the plaintiff could at once retake it under a right acquired or ripened since the commencement of the suit. *Simpson* v. *M'Farland*, 18 Pick. 427. *Whitwell* v. *Wells*, 24 Pick. 25, 33. *Martin* v. *Bayley*, 1 Allen, 381, 382. *Davis* v. *Harding*, 3 Allen, 302, 303. *Leon*ard v. *Whitney*, 109 Mass. 265, 268. The plaintiff might have pleaded the arrangement made between himself and the defendant after the service of the replevin writ in bar of the assertion by the defendant of his title. *Campion* v. *Baker*, Lutw. (Nelson's ed.) 356. He did not so plead it, and we cannot say from the statements of the bill of exceptions that the judge who

ordered the return could not find from the facts and evidence stated that the plaintiff had no right to the possession of the horse under the conditional sale. He may have found that bargain to have been made under such a mutual misapprehension of the facts as not to be binding. The bill of exceptions does not show that the court had no power to order a return.

*Exceptions overruled.*