ANNIE L. ASHCROFT, administratrix, *vs.* SIMON SIMMONS.

Suffolk.   January 23, 1895. — April 12, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Evidence — Fraudulent Sale — Docket Entry — Return of Property and Assessment of Damages in Action of Replevin.*

At the trial of an action of replevin it appeared that the plaintiff claimed title to the property under a mortgage, subsequently to the recording of which the property was attached by the defendant, a constable, as the property of the mortgagor, upon a writ in favor of a creditor of the mortgagor.  On August 13, 1888, which was previous to the attachment and subsequent to the recording of the mortgage, the mortgagor sold and delivered the property to A.  The defendant contended that the sale was made by the mortgagor in fraud of his creditors, and that A. participated therein.  B., who testified that he was engaged in July and August, 1888, in the manufactory where the property was, was asked, "Did you see him [the mortgagor and vendor] around there ? "  He replied, " He was there nearly every day."  There was evidence that after the purchase A. moved to another State, but there was no evidence that he had any knowledge that the vendor was around the manufactory after the purchase.  The question and answer were admitted, in connection with other evidence, as tending to show the vendor's fraudulent purpose in selling the property, and not A.'s participation therein, which participation was found by the judge on other evidence.  *Held,* that they were rightly admitted.

In an action of replevin, the judge, on March 9, 1894, found for the defendant, and by his direction the clerk made on the docket a memorandum of the finding.  Twenty days thereafter a motion was made for the return of the goods and the assessment of damages, and the finding was amended by adding "and for the return of goods."  The assessment of damages was postponed until the following June, neither party objecting, but the plaintiff not consenting, except by silence.  In July following, when the question of assessment of damages was argued, the plaintiff objected, on the ground that the judge had then no authority to assess them.  The judge overruled the objection, and assessed damages on July 25 as of the preceding March 29; and the plaintiff excepted.  *Held,* that the original docket entry was in the nature of a memorandum rather than of a final judgment, and that it was competent for the judge at a later stage, upon motion of the defendant, to order a return and assess the damages.

REPLEVIN of furniture.  After the former decisions, reported 151 Mass. 497 and 159 Mass. 203, the case was tried in the Superior Court, without a jury, before *Aldrich,* J., who allowed a bill of exceptions in substance as follows.

The plaintiff claimed title to the property under a mortgage which was duly executed and recorded.  Subsequently to the

recording of the mortgage, the property was attached by the defendant, in his capacity of constable, as the property of one Bird, who was the mortgagor, upon a writ in favor of a creditor of Bird, and wherein Bird was sole defendant. After the property was attached by the defendant, no demand was made upon him or the attaching creditor by the plaintiff or her intestate as mortgagee, conformably to the provisions of Pub. Sts. c. 161, § 75. There was uncontradicted evidence that on August 13, 1888, which was previous to the attachment, and subsequent to the recording of the mortgage, Bird sold and delivered the property to one Estes. The defendant contended that the sale was made by Bird in fraud of his creditors, and that Estes participated in the fraud. One Oliver, called by the defendant, testified that he was engaged in July and August of 1888 in the manufactory where the property was. The following question was asked him by the defendant: " Did you see Bird around there? " meaning if he saw Bird around the manufactory. This question was objected to by the plaintiff, so far as it was intended to refer to a period later than August 13, 1888. The judge overruled the objection, and the plaintiff excepted. The answer was, " He was there nearly every day." There was evidence that, after purchasing the property, Estes went to Maine, where he resided, but there was no evidence introduced or offered that Estes had any knowledge or information that Bird was ever around the manufactory after he, Estes, purchased the property. The question and answer were admitted as competent, in connection with other evidence, as tending to show Bird's fraudulent purpose in selling the property to Estes, and not for the purpose of showing the participation of Estes in the fraud; the fraudulent participation of the latter in the fraudulent sale being found by the judge upon other evidence not objected to. The judge found for the defendant solely on the ground that the sale to Estes was fraudulent as against Bird's creditors, and that Estes participated in the fraud.

The judge found for the defendant on March 9, 1894, and directed the clerk to make on the docket a memorandum of his finding, which the clerk then did. On March 29, 1894, a motion was made for the return of the goods and the assessment of damages, and on the latter date the finding was amended by

adding " and for the return of goods "; and the assessment of damages was, for want of time or by reason of other engagements on the part of the judge, postponed until the following June, neither party then objecting, but the plaintiff not consenting, unless his silence was consent. In July, 1894, the judge heard the parties upon the question of assessment of damages, the plaintiff then objecting, and asking the judge to rule that he then had no authority to assess damages. The judge overruled the objection, and ruled that he then had authority to assess damages. The plaintiff duly excepted. The judge assessed damages on July 25, 1894, in the sum of $498.66, as of March 29, 1894; and the plaintiff alleged exceptions.

*N. D. A. Clarke,* (*J. R. Baldwin* with him,) for the plaintiff.

*G. E. Curry,* (*A. P. Worthen* with him,) for the defendant.

MORTON J. We understand the evidence that was objected to, but admitted, to mean that after the sale Bird was around the manufactory exercising acts of control. We also understand that after the purchase Estes went to Maine, where he resided, and stayed there. The fact, if it was a fact, that after the alleged sale Estes went away, and Bird was in possession, would be admissible on the general question whether the sale was in fraud of Bird's creditors; *Wheeler* v. *Train,* 3 Pick. 255 ; *Ingalls* v. *Herrick,* 108 Mass. 351; and that would necessarily include the question of an intent on Bird's part, as well as participation in the fraud on the part of Estes. We cannot say that the limitation by the court of the admissibility of the testimony to its competency, in connection with other evidence, of which that relating to the absence of Estes may have been a part, to show Bird's intent, was erroneous. Ordinarily, in the absence of anything to the contrary, it is to be inferred without direct evidence that the owner of property knows who exercises control over it. The statement in the bill of exceptions that " there was no evidence introduced or offered that Estes had any knowledge or information that said Bird was ever around said manufactory after he, said Estes, purchased said property," we construe as meaning that no direct evidence was introduced or offered, and we do not understand that the natural inferences growing out of Estes's ostensible ownership of the property are to be excluded. The case, therefore, does not fall

within the rule which excludes evidence of the subsequent acts and declarations of a vendor to defeat the title of the vendee on the ground that the sale was a fraudulent one. The entry which the clerk made upon the docket by direction of the judge who tried the case was in the nature of a memorandum of his decision upon the question which party was entitled to prevail, rather than of a final judgment; and it was competent for the court at a later stage, upon motion of the defendant, to order a return and to assess the damages. *Whitwell* v. *Wells*, 24 Pick. 25, 33. *Simpson* v. *M'Farland*, 18 Pick. 427, 431. *Wheeler* v. *Train*, 4 Pick. 168. *Davis* v. *Harding*, 3 Allen, 302.   *Exceptions overruled.*