STANDARD VARNISH WORKS *vs.* ALONZO B. CUSHING &
another.

Suffolk.    March 4, 5, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Replevin.    Practice, Civil,* Verdict.    *Estoppel.*

Chattels taken under a writ of replevin are in the custody of the law. The bond given by the plaintiff stands as security to the defendant for a proper disposition of the property according to the order of the court.

In an action of replevin against two defendants, one of them the mortgagor and the other the mortgagee of the goods replevied, the defendant mortgagor was defaulted, and the plaintiff offered no evidence of his title or of his right to the possession of the goods replevied, but filed a paper admitting that the defendant mortgagee did not retain or have in his possession the goods replevied when the writ was sued out, and asked the presiding judge to instruct the jury to find for this defendant on that ground. The judge refused to give this instruction, and instructed the jury to find for the defendant mortgagee on the ground that the plaintiff had failed to show any title to the property replevied sufficient to maintain the action. The jury returned a general verdict for the defendant mortgagee, and the plaintiff excepted to the refusal to give the instruction requested and to the instruction given. *Held,* that the exceptions must be overruled; that the failure of the plaintiff to prove any title to the property or a right to the possession of it was a sufficient reason for the return of the verdict, and that the plaintiff's failure to prove a taking or a detention of the property by the defendant mortgagee also was a good reason for the return of the verdict, and that it was not necessary for the verdict to show on which ground the jury reached their conclusion, as either ground was sufficient.

In an action of replevin the disposition of the property, which under the writ is in the custody of the court, is to be ordered according to the rights of the parties at the time of making the order, although such rights may have been changed since the date of the writ.

In an action of replevin against two defendants, one of them the mortgagor and the other the mortgagee of the goods replevied, the plaintiff failed to show any title to or right of possession of the goods. The defendant mortgagor, who had been adjudged a bankrupt, was defaulted and the trustee of his estate in bankruptcy, who had been made a party, also was defaulted. It appeared that at the date of the writ the defendant mortgagee had a good title as mortgagee and that, very soon afterwards, he had the right of immediate possession for a breach of condition of the mortgage, but that, before he could obtain actual possession of the goods, they had been removed from the hands of the defendant mortgagor on the plaintiff's writ of replevin. The jury returned a general verdict for the defendant mortgagee, and the defendant mortgagee asked the presiding judge for an order that the goods be returned to him. *Held,* that, although as a general rule in an action of replevin a return cannot be ordered to a person from whom the chattels were not taken, and, if the defendant mortgagor had not allowed himself to be defaulted, a return of the goods to him would have

been ordered, yet the defendant mortgagee would have had the benefit of such a return as the owner of the goods with a right of immediate possession under the mortgage, and therefore that justice would be done by ordering a return of the goods to the defendant mortgagee. Moreover, although the replevin bond was not before the court, it was assumed that it recited a taking of the property from the joint defendants under the writ and that it was conditioned in part upon a return of the property to them if such was the order of the court, so that a return to the defendant mortgagee would be a compliance with the requirement of the bond in that particular, and the plaintiff by the recital in the bond was estopped to deny that the property was replevied from the defendant mortgagee when in possession of it.

REPLEVIN for a certain varnish described in the writ. Writ dated November 21, 1900.

At the trial in the Superior Court before *Richardson*, J., Mr. Sears, one of the attorneys for the original defendant, Frank R. Milliken now deceased, was called as a witness by the plaintiff, and testified in substance as follows:

Frank R. Milliken, the testator of the defendant Annie S. Milliken, executrix, on or about April 28, 1900, advanced to the defendant Cushing the sum of $3,000, taking a note of Cushing payable in six months from April 28, 1900, and a mortgage securing it covering the property in the store occupied by Cushing in the city of Boston. The mortgage was made to secure the payment of this note and contained the usual clauses entitling the mortgagee to take possession. This mortgage never was recorded. The note was not paid at its maturity. At that time Milliken was seriously ill at his home. At his request a friend of his, one Snow, and the witness took possession of the property covered by the mortgage in his name and behalf for the purpose of foreclosing it for breach of condition in failing to pay the note. At that time the mortgage was overdue.

Snow and the witness went to the store and entered it, Cushing pointed out to them everything that was included in the mortgage, and they took possession of and held the property for Milliken for breach of condition of the mortgage and for the purpose of foreclosing.

Mr. Sears remembered distinctly taking possession of the varnishes which subsequently were replevied by the plaintiff. There was a considerable quantity of consigned merchandise which was separated from the merchandise which Cushing owned.

The varnishes in question Cushing stated were his property and were included in the mortgage. At this time Mr. Sears stated to Cushing that Milliken did not wish to embarrass him, and if his financial condition was satisfactory, would be willing to reconvey the property that Mr. Sears had taken possession of and accept a new mortgage for a short period of time, which at once would be recorded.

At this time Cushing gave to Mr. Sears a statement of his financial condition, showing a balance of estimated assets over estimated liabilities of $6,500.

Cushing signed and made oath to this statement before Mr. Sears. Mr. Sears asked Cushing to be very careful not to exaggerate his assets and to include all his liabilities.

After receiving this statement of assets and liabilities, and after some further talk that Mr. Sears had with Cushing on the subject of his financial condition, Mr. Sears gave Cushing a reconveyance which previously had been signed by Milliken of the property covered by the mortgage, and received from Cushing contemporaneously a new mortgage and mortgage note conditioned on the payment of $3,000 in thirty days from date, namely, on November 1, 1900.

Mr. Sears and Snow thereupon gave possession of all the property to Cushing and left Cushing in possession. This later mortgage was duly recorded on November 3, 1900, in the city clerk's office in Boston and in the city clerk's office in Somerville, where Cushing lived, on November 7, 1900, both mortgages purporting to convey to Frank R. Milliken the varnishes which subsequently were taken by the plaintiff on the writ of replevin in this case. The next thing done by Mr. Sears under the mortgage was on December 3, 1900.

The new mortgage was not paid at its maturity, and thereupon pursuant to its terms for breach of condition thereof, Mr. Sears, as agent for Milliken, on December 3, 1900, again took possession of certain property which remained in the store. Snow, as before, accompanied him. At this time the goods replevied in this action were no longer in the store. They had been replevied from the defendant Cushing on November 21, 1900, and were delivered by the replevying officer to the plaintiff on the following day. Up to this time there had been no breach

of the mortgage to the knowledge of Mr. Sears, unless the replevin was a breach.

On December 12, 1900, the property of which Mr. Sears had taken possession for Milliken on December 3, 1900, was sold pursuant to the terms of the mortgage at public auction after extensive advertising, and yielded after all expenses were paid $1,519.76, which was all that ever was received on account of this mortgage. Milliken did not buy the property at the sale.

On December 5, 1900, the defendant Cushing was adjudged a bankrupt on a voluntary petition filed on that day in the District Court of the United States, and a trustee in bankruptcy was appointed in those proceedings on December 27, 1900.

Mr. Sears testified that from the similarity of the names on the packages, he should judge that the varnishes replevied were manufactured by the plaintiff, and he thought that Cushing mentioned that they had come from the Standard Varnish Works.

Cushing was insolvent when he filed his petition in bankruptcy, his schedule showing liabilities of $17,000 and practically no assets.

Among the papers in the case, one was found called "motion for judgment," and was read by the plaintiff's attorney; it appeared from the clerk's indorsement thereon to have been filed on December 13, 1904, but without leave of the court, or leave of or notice to the defendant Milliken, in the following terms:

"Now the plaintiff in the above entitled case admits that at the time of the suing out of the writ in this cause and of the seizure of the goods thereunder, as set forth in the officer's return thereon, the defendant Frank R. Milliken now deceased was not detaining or in possession of said goods, but that the said goods were in the sole possession of the defendant Alonzo B. Cushing, and the plaintiff therefore consents that upon the issue made by the defendant's traverse of the allegations of such retention and possession a finding may be made in favor of the defendant Annie S. Milliken that the said Frank R. Milliken was not in possession of or detaining said goods and never had detained said goods, and that upon said finding and not upon the plaintiff's title, possession and right of possession, judgment be

entered for said Annie S. Milliken for her costs. Wherefore the plaintiff moves that judgment be entered for the plaintiff against the defendant Alonzo B. Cushing for one cent and for his costs.

" By its Attorneys,

" Brandeis, Dunbar & Nutter."

No notice of the filing of this document was given to the attorneys for Mrs. Milliken, and neither Mrs. Milliken nor her attorneys were aware of its filing until the paper was produced and read by the attorney for the plaintiff at the trial.

Notice of its filing was given, however, to the attorney for the defendant Cushing, who previously to the receipt of such notice had been defaulted.

The trustee in bankruptcy of the defendant Cushing, who became a party defendant, also was defaulted before the trial.

The plaintiff offered at the trial before the introduction of the evidence and at the close of the evidence to consent to a verdict for the defendant Annie S. Milliken, executrix of the original defendant Frank R. Milliken, on the ground as the plaintiff alleged that the original defendant Frank R. Milliken was not in possession when the action was brought and the goods were replevied, provided it was understood that no question of title should be determined by the verdict of the jury. The counsel for the defendant Milliken declined to consent to a verdict in this form.

The plaintiff asked the judge to give to the jury the following instructions :

" 1. As the plaintiff admits that Frank R. Milliken was not detaining the goods replevied the defendant Milliken is entitled to a 'verdict and it is unnecessary for you to decide whether or not the plaintiff had title to them when this action was begun.

" 2. If Frank R. Milliken was not detaining the goods replevied then you must give a verdict for the defendant Milliken without passing upon the question of the plaintiff's title to them when this action was begun.

" 3. If Frank R. Milliken was not detaining the goods replevied then the defendant Milliken is entitled to a verdict irrespective of whether or not the plaintiff had title to them when this action was begun.

4. " On all the evidence the plaintiff has not established that

Frank R. Milliken was detaining the goods replevied and your verdict must therefore be for the defendant Milliken."

The judge refused to give any of these instructions, and instructed the jury to find for the defendant Milliken on the ground that the plaintiff had failed to show any sufficient title to the property replevied to maintain this action against her.

Thereupon the jury returned a verdict for the defendant Annie S. Milliken, executrix; and the plaintiff alleged exceptions.

There was a second bill of exceptions as follows:

" This is an action of replevin.   Reference may be had to the pleadings.

" The plaintiff duly excepted to certain instructions, rulings and refusals made by the court at the trial of said action and duly filed its bill of exceptions, and said bill of exceptions as finally allowed by the court is made a part hereof and all its allegations are here repeated.

" After the trial of said action, and while the aforesaid exceptions were still pending, the defendant Annie S. Milliken moved for a return to her of the goods replevied in said action.

" At the hearing on said motion it was agreed between counsel that for the purposes of said motion all statements made in the aforesaid bill of exceptions as finally allowed by the court, including the statements made by Mr. Sears as witness, might be considered by the court to be true.   No other evidence was introduced at said hearing.

" After due hearing the court allowed said motion.

" The plaintiff duly excepted to the order of the court allowing said motion and prays that the said exception be allowed."

*E. F. McClennen,* for the plaintiff.

*L. C. Southard & J. S. Farlow,* for the defendant Milliken.

KNOWLTON, C. J.   Chattels taken under a writ of replevin are in the custody of the law.   The bond given by the plaintiff stands as security to the defendant for a proper disposition of the property, according to the order of the court.

At the trial of this action of replevin the plaintiff offered no evidence of its title or right of possession of the goods replevied, but filed a paper admitting that the testator of the defendant Milliken did not retain or have in possession the goods replevied when the writ was sued out.   It asked the presiding judge to

instruct the jury to find for the defendant Milliken, on the ground stated in this written admission. The present defendant Milliken is the executrix of the will of Frank S. Milliken, who was the original defendant of that name, and was the holder of a mortgage on the replevied property. The judge declined to give the instruction, but instructed the jury to find for this defendant on the ground that the plaintiff had failed to show any title to the property replevied, sufficient to enable it to maintain the action. The plaintiff excepted to the instruction and to the refusal to instruct. A general verdict was returned for this defendant.

These exceptions must be overruled. The first thing for the plaintiff to do in support of its claim was to prove title to the property and a right of possession of it. Its failure to do this was a sufficient reason for the return of a verdict for the defendant. Its failure to prove a taking or detention of the property by Milliken was also a good reason for the return of the verdict. The verdict returned and the record of the case do not show on what ground the jury reached their conclusion, and it is not necessary that they should.

The second bill of exceptions is founded on the allowance of the motion of the defendant Milliken for an order of return of the property to her. The defendant Cushing and his trustee in bankruptcy had been defaulted. On the record, therefore, Cushing had no standing to ask for any order or proceeding in his favor. On his default the plaintiff's case was established as against him. Under the verdict of the jury the plaintiff failed to establish his case against Milliken. It remained for the judge to determine, upon a proper application, what order should be made as to the possession of the replevied property. The plaintiff was content and asked for no order. The defendant Milliken moved for a return of the property to her.

Ordinarily the verdict of the jury settles the rights of the parties in this particular. But sometimes it does not, and it then becomes the duty of the judge to inquire further and determine who is entitled to the possession. In this case the default of Cushing and the verdict in favor of Milliken, without more, did not enable the judge to decide who ought to have the property. Except by way of inference as against Cushing from

the default, the plaintiff proved no title or right of possession. The verdict of the jury showed no rights in the plaintiff as against Milliken. Thereupon the parties agreed that the judge might decide the question upon certain evidence which was to be taken as true. From this it appears that the plaintiff had no title or right of possession as against the defendant Milliken at the time of the hearing on the motion, and it was not shown to have had any right or title as against anybody. It appeared that Milliken had a good title as mortgagee when the writ was sued out, and that, very soon after, he had a right of possession for a breach of the condition of the mortgage, and that actual possession would have been obtained if the property had not been removed previously under a writ of replevin.

In an action of replevin, the disposition of the property is to be ordered according to the rights of the parties at the time of the making of the order. *Ware River Railroad* v. *Vibbard*, 114 Mass. 458. *Davis* v. *Harding*, 3 Allen, 302. If the property had been taken on this writ from the possession of Milliken, there is no doubt that a return to his executrix should have been ordered. But Milliken was not in possession of the property, and it is a general rule that a return cannot be ordered in an action of replevin to a person from whom the chattels were not taken.

The principles to be applied under such conditions were somewhat considered in *Whitwell* v. *Wells*, 24 Pick. 25, 32, 33, 34, in which justice was worked out between the parties, in connection with a previous sale of the goods to enforce a lien. Said Mr. Justice Morton, " The object of a judgment in favor of the defendants, should be to place them in the same or as good a situation as they were in when the suit was commenced. More than this, no suitor ought to desire. The defendants never having had possession of the goods, ought not to acquire it by a suit against them. A decree to *return* the goods to the defendants would be absurd, as they never had the possession of them. . . . It sometimes happens, that, by a change of property, after the replevin and after the pleadings are closed, it becomes useless and improper to render such judgment as seems to be required by the state of the record. The facts upon which the pleadings are founded, cease to exist before the final judgment. In such case,

the court will receive evidence of the intervening facts, and render judgment according to the justice of the case at the time."

It is the purpose of the court in all these cases, so far as possible under the pleadings, to make such an order for the disposition of the property as is conformable to the rights of the parties before the court. *Quincy* v. *Hall*, 1 Pick. 357, 360. *Barry* v. *O'Brien*, 103 Mass. 520. *Dawson* v. *Wetherbee*, 2 Allen, 461. *Johnson* v. *Neale*, 6 Allen, 227. The only question of difficulty in this case is whether the fact that Milliken was not in possession of the property when it was replevied, although he had a perfect title by mortgage from the defendant Cushing who was in possession of it, will prevent the court from making an order that will restore him to his rights, of which he was deprived by the removal of the property under the writ. Milliken was made a joint defendant before the court. Although he was not techni-cally in possession when the writ was served, he had a right which, but for the service of the writ, would have put him in possession in less than two weeks, and which entitles his execu-trix to possession now. Upon the facts proved, if Cushing had not suffered default, the court would have ordered a return of the goods to him, of which Milliken would have had the benefit as owner under his mortgage, with a right of immediate possession. Shall the default of Cushing prevent the court from making an order for the proper disposition of the property, which will pro-tect the rights of the true owner? The relation of the defend-ant Milliken to the plaintiff as a party in the case, her relation to Cushing, who represented her husband's right in the posses-sion which he was maintaining, and her relation to the goods themselves as the real owner, are such that she is entitled to an order for the return of them to the custody from which they were taken. If Cushing were before the court it would be his duty to ask for such a return. If he failed to ask for it, we are of opinion that she might ask for it on the ground that the law and the facts require it, and that it should be made for her bene-fit, as she is the only one interested in the goods adversely to the plaintiff. This would place her in the situation as to possession in which her testator was when the goods were replevied. What her situation would be, in reference to a remedy, if this action

were ended without any order as to the disposition of the property, we need not consider.

The default of Cushing ought not to prejudice the other defendant in the maintenance of her rights.

The replevin bond in the case is not before us, but we assume that it recites a taking of the property from the joint defendants under the writ and is conditioned in part upon a return of it to them if such is the order of the court. A return to the defendant Milliken would therefore be a compliance with the requirement of the bond in that particular. Under the recital in the bond the plaintiff is estopped to deny that the property was replevied from her husband, the original defendant Milliken, and that he was in possession of it.

Upon the facts agreed justice will be done by a return to the present defendant Milliken, and we are of opinion that the order was correct.

*Exceptions overruled.*