ROY O. MILLETT *vs.* ALBERT G. SOULE.

Oxford.    Opinion March 3, 1926.

*In a replevin action, upon a nonsuit, the disposition of the property is to be regulated according to the rights of the parties at the time of making the order.*

*Where chattels are taken from the possession of a defendant, on nonsuit, judgment for return of the property should follow, but if he was not in possession of the property and the situation remains unchanged, an order to return the property to him from whom it was not taken is exceptionable error.*

In the instant case the defendant's position is that he never took or detained the goods, that he did not have them in his possession when the replevin action was commenced, and moreover that the complete union of all the elements which constituted their ownership was then and ever afterward in the plaintiff's wife.

In this case the possession of the chattels was as foreign to this defendant, when the taking on the writ occurred, and also when a return was ordered as though Mrs. Millett had had the property, not in a room in the dwelling-house of the defendant, but in a residence distinct from his which she had leased from him, whereof the leasing had made her the owner temporarily.

·  On exception.   An action of replevin to recover possession of certain household property which the wife of the plaintiff, on leaving to live apart from him, took with her and placed in an upper room in the house of defendant, the exclusive occupancy of which room was hers.   One day Mrs. Millett, wife of the plaintiff, locked the door of her room where the chattels were and went away taking with her the only key.   Before her return a deputy sheriff, having a replevin writ sued out by the husband to possess himself of the goods against the owner of the house where the wife had her room, came there.   The defendant neither detained the property nor asserted claim to it, nor objected to the taking, beyond protesting the breaking of the locked door.   A hearing was had before a single Justice who ordered a nonsuit and a return of the goods, and plaintiff excepted. Exception sustained.

The case fully appears in the opinion.

*Albert J. Stearns*, for plaintiff.

*Harry Manser*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DUNN, J. After nonsuit in replevin, the ordering of the chattels to the defendant constituted exceptionable error, on the state of the record.

The Milletts were husband and wife at Greenwood. The wife left her husband. She took the piano, the sewing machine, an art square and rugs and other household property to the defendant's house in Oxford. Save the piano, which was left downstairs in that house, because of the difficulty which would have attended putting it upstairs, all that she had brought was placed in an upper room, the exclusive occupancy of which was hers.

One day Mrs. Millett locked the room door and went away, taking with her the only key to it. While she was gone, a deputy of the sheriff came to the house. He had a replevin writ sued out by the husband to possess himself of the goods against the owner of the house where the wife had her room.

The defendant neither detained the property nor asserted ground of claim to any thereof, nor did he object the taking, beyond protesting the breaking of the locked door.

The deputy took the chattels.

When the jury-waived trial was, defendant pleaded the general issue, in effect admitting the legal right to the property in the plaintiff, and supplemented this by brief statement: (1) That the property was not in or taken from the defendant's possession, but from that of the plaintiff's wife; (2) "That the title to the goods and chattels and the right of possession thereof was not in the plaintiff, but was in Dora Millett, wife of the plaintiff."

In one and the same breath the defendant denies the taking or retaining, and then insists that, if this is negatived, the plaintiff had neither title to nor right of possession of the personalty; both of these being in a stranger to the suit. The seeming inconsistencies represented by the plea and the brief statement are, however, reconcilable with each other under the rules of pleading. *Pejepscot Proprietors* v. *Nichols*, 10 Maine, 256, 261. Stated in more practical terms, the position of the defendant was that he never took or detained the goods, that he did not have them in his possession when the action

was commenced, and moreover that the complete union of all the elements which constituted their ownership was then and ever afterward in the plaintiff's wife.

Judgment of nonsuit was entered, and for return also.

The insistent question presented on exception concerns the resumptive judgment which would pass into the possession of the defendant the property that he had not had before and is not claiming now.

It is quite true this court has said that, in cases of nonsuit in replevin except where the general issue alone is pleaded, the order for return goes as a matter of course (*Bettinson* v. *Lowery*, 86 Maine, 218, 224), but the opinion there is discussing a conceivable state of things wherein the defendant, in his plea, inferentially at least, advances what this defendant has not, and that is that he is privileged to be restored to the possession, either because the property is his or because he is accountable for it to the true owner, and not contemplating that on nonsuit a defendant should be given the possession of somebody else's property, though previously he had not had or asserted it, nor at the judgment time set up right to it, and ought not acquire simply in consequence of a suit against him.

The propriety of ordering goods to the possession of a defendant will depend upon the pleadings. Whenever upon the pleadings, the general rule is, it appears that a defendant is so entitled, he will have judgment for restoration; otherwise he will not. *Mason's Practice*, 562; *Gould* v. *Barnard*, 3 Mass., 199, *Simpson* v. *McFarland*, 18 Pick., 427. Or, more apropos, the disposition of the property is to be regulated according to the rights of the parties at the time of making the order. If chattels were taken from the possession of a defendant on nonsuit, there should follow judgment for return to him, but, if he was not possessed and the situation remains unchanged, certainly the governing direction is that a return cannot be commanded to him from whom the property was not taken. *Standard Varnish Works* v. *Cushing*, 202 Mass., 576; *Whitwell* v. *Wells*, 24 Pick., 25. "If it appears that the defendant is entitled to a return of the goods, he shall have judgment and a writ of return accordingly," is the language of our own statute. R. S., Chap. 101, Sec. 11.

Possession of the chattels in the instant action was as foreign to this defendant, when the taking on the writ was or the court ordered, as though Mrs. Millett had had the property, not in a room in the

dwelling-house of the defendant, but in a residence distinct from his which she had leased from him, whereof the leasing had made her the owner temporarily.

This defendant was not possessed of the things in the beginning, there is no changed condition, and possession must not be imposed upon him.

*Exception sustained.*